IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE A. PAPILLION, SR.,

    Plaintiff,                        No. CIV S-05-0708 CMK

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.                   <u>ORDER</u>

                                /

Plaintiff, Maurice A. Papillion, Sr., brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) and Local Rule 72-302.  The parties have filed cross motions for summary judgment.  As both parties have consented to magistrate jurisdiction (doc. 6 & 12), the motions are before the undersigned for decision.

I. <u>Background</u>

Plaintiff applied for Disability Insurance Benefits (DIB) in June 2002, claiming disability since January 1, 2000.  Plaintiff claims he is disabled due to a right forearm wound, diabetes, poor vision, poor circulation, frequent urination, nausea and vomiting, high blood pressure, and kidney and liver problems. (Tr. 47, 52.)

1   Plaintiff's application was denied initially and upon reconsideration.  A hearing
2 was held before  administrative law judge (ALJ), Plauche F. Villere, on June 2, 2003 at which
3 plaintiff was represented by an attorney and testified on his own behalf.  Plaintiff was forty-four
4 years old at the time of the hearing. (Tr. 266.)  He testified that he had attended Hill Institute of
5 Technology where he studied electronic engineering and computer science. (Tr. 246.)  Plaintiff
6 last worked answering phones for Verizon Wireless and he quit that job when his contract
7 expired.  (Tr. 229.)  Prior to that, plaintiff worked at Wal-Mart, a Chevron station, and for the
8 state of California as a systems analyst.  (Tr. 229.)

9   Plaintiff stated he could no longer work as a systems analyst because his "medical
10 condition and the side effects of his medication [made it] hard to concentrate on the skill." (Tr.
11 230.)  More generally, plaintiff testified that he could no longer work because his diabetes was
12 starting to get worse and his prescribed medications robbed him of his energy.  (Tr. 231.)
13 Plaintiff stated that his diabetes was not bad enough to require insulin, but if it got worse, taking
14 insulin was the next step.  (Tr. 232.)  Plaintiff also stated he believed that he had prostrate
15 cancer, although his blood tests were negative and he had not had a biopsy.  (Tr. 233.)

16   Sitting and/or standing for more than ten hours is a problem for plaintiff.  (Tr.
17 239-240.)  He stated that he could only walk ten steps at a time.  (Tr. 240-241.)  He must lay
18 down at least four or five times a day for a couple of hours.  (Tr. 241.)  He can lift five pounds
19 infrequently.  (Tr. 242.)  Squatting is a problem and so is climbing stairs.  (Tr. 243.)  Plaintiff
20 stated he has problems moving his fingers.  (Tr. 245.)  Plaintiff testified that he has attempted
21 suicide several times.  (Tr. 248, 250.)  Plaintiff also has panic attacks.  (Tr. 251.)  Plaintiff's
22 attorney noted that there was no assessment in the file that supported a disability finding.  (Tr.
23 257.)   Plaintiff submitted medical records in support of his application for DIB.

24   In his decision dated September 19, 2003, the ALJ made the following findings.
25 He found that plaintiff has an impairment or combination of impairments considered severe
26 based on the Regulations of 20 C.F.R. § 404.1520(b). (Tr. 31-32.)  However, the ALJ found that

these impairments did not meet or medically equal one of the listed impairments. (Tr. 32.) Plaintiff's allegations regarding his limitations were not found to be totally credible. (Tr. 32.) After carefully considering all of the medical opinions regarding the severity of plaintiff's impairments, the ALJ found that plaintiff could lift and carry 25 pounds frequently and 50 pounds occasionally; stand and walk 6 of 8 hours; occasionally handle, finger and feel with the right hand; and he must avoid concentrated exposure to fumes, odors, dusts, gases, and similar environmental irritants. (Tr. 32.) The ALJ found that plaintiff could perform his past relevant work and that he was not under a disability. (Tr. 32.)

Based on these findings, the ALJ concluded that plaintiff was not entitled to a period of DIB. The decision of the ALJ became final when the Appeals Council denied plaintiff's request for a review on February 11, 2005. The plaintiff filed a timely appeal in this court.

II. Standard of Review

This court's review is limited to whether the Commissioner's decision to deny benefits to plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. See Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance, Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). If substantial evidence supports the administrative

1 findings, or if there is conflicting evidence supporting a finding of either disability or
2 nondisability, the finding of the ALJ is conclusive, see <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-
3 30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in
4 weighing the evidence. See <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.  <u>Discussion</u>

Plaintiff argues that the ALJ failed to properly consider his depression and improperly found that plaintiff's alleged depression was not a severe impediment; minimized the significance of his twenty-seven year old gunshot wound; and failed to properly consider plaintiff's allegations of fatigue and tiredness allegedly related to his diabetes and hepatitis. (Pl.'s Brief (Doc. 27) at 6-8.)  The court cannot agree with plaintiff's assertions, as a review of the record shows that the ALJ's findings are supported by substantial evidence.

The ALJ noted that plaintiff worked after allegedly becoming disabled in 2000 and that plaintiff did not stop working due to any impairment, but instead stopped working because his jobs were temporary. (Tr. 27-28, 31.)  The ALJ noted at the hearing, and plaintiff's counsel agreed, that no treating doctor had ever opined that plaintiff was disabled. (Tr. 257.)

Consulting internist Janet O'Brian, M.D. noted that plaintiff could perform a wide range of medium work with appropriate restrictions for his right arm injury and asthma. (Tr. 139.)  Two state agency reviewing physicians, Dr. Pong and Dr. Clancey, came to the same conclusion. (Tr. 147-150, 186-189.)  The psychiatric consultative examiner, Rajinder Randhawa, M.D., concluded that plaintiff did "not suffer from any psychopathology that is compromising his ability to be gainfully employed." (Tr. 168.)

The ALJ noted that, although plaintiff claimed disability due to complications from diabetes, his diabetes was not severe enough to require insulin. (Tr. 30, 232.) See <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1433 (9th Cir. 1995) (conservative course of treatment suggested a "lower level of both pain and functional limitation") <u>Fair v. Bowen</u>, 885 F.2d 597, 603-604 (9th Cir. 1989) (the need for only conservative treatment supports rejecting allegations of disabling

symptoms). The ALJ considered that plaintiff's treating physician, Dr. Forde, observed that plaintiff was not often compliant with his diabetes treatment, and that plaintiff's high blood pressure and hepatitis were either stable or dormant. (Tr. 28, 155, 162, 196, 198-201.) An unexplained or largely unexplained failure to follow a course of treatment is a valid factor in discounting a claimant's subjective statements. See Bunnell v. Sullivan, 947 F.2d 341, 346-347 (9th Cir. 1995.) Here, plaintiff's repeated failure to follow dietary guidelines or properly take his medication undermines the credibility of his statements that he suffers from disabling diabetes complications. See id.

The record further reveals that plaintiff's treating physician never prescribed any limitations based on plaintiff's reports of fatigue or tiredness. (Tr. 212.) Treatment records from Dr. Forde also contradict plaintiff's claims that he was severely restricted by medication side effects; treatment records reveal that plaintiff's medications were changed when he complained of side effects. (Tr. 212.) Plaintiff's complaints of fatigue and tiredness were expressly rejected by consulting physician Sandra Clancy, M.D., who noted that plaintiff's complaints were not supported by any objective evidence. (Tr. 190.) See Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986)(complaints may be rejected when completely unsupported by medical evidence).

The court finds that the ALJ's conclusion that plaintiff did not have a severe impairment beyond asthma that had been diagnosed in childhood and his twenty-seven year old gunshot wound, neither of which prevented him from working, is supported by substantial evidence in the record. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

Indeed, the only evidence in the record which supports plaintiff's claims was obtained after plaintiff's attorneys suggested that plaintiff seek mental health treatment. See Saelee v. Chater, 94 F.3d 520, 522-523 (9th Cir. 1995)(noting that ALJ may consider the purpose for which a medical report was obtained). The one medical opinion which supports plaintiff's claim of disability is that of Dr. Finkel, which was solicited by plaintiff's attorney after the administrative hearing. (Tr. 257.) See id., Matney v. Sullivan, 981 F.2d 1016, 1020 (9th

Cir. 1992) (doctor's assessment entitled to less weight when the doctor acted as an advocate in plaintiff's quest for social security benefits).  After noting that Dr. Finkel's findings were inconsistent with his own examining findings, the ALJ rejected Dr. Finkel's conclusions.  (Tr. 29-31, 216.)  See Batson v. Comm'r, 359 F.3d 1190, 1195 (ALJ may reject even a treating physician's opinion if it lacks substantive medical findings to support her conclusion).

The ALJ further noted that Dr. Finkel's conclusions were unsupported by the remainder of the record, including the findings of Dr. Randhawa and the state agency reviewing doctor.  (Tr. 30-31.)  See Batson, 359 F.3d at 1195.  For example, plaintiff told Dr. Randhawa that he did not know why he was there since he did "not have any mental or psychiatric issues" and "did not apply for psychiatric disability."  (Tr. 164.)  However, less than a year later, plaintiff told an intake specialist at Sacramento Psychiatric that he had attempted suicide a dozen times and had suffered from post traumatic stress syndrome from an incident that occurred over twenty years ago.  (Tr. 208.)  Additionally, plaintiff reported to Dr. O'Brian that he never did housework because he was "a male chauvinist."  (Tr. 136.)  However, plaintiff reported to Dr. Finkel that he used to "do everything around the house."  (Tr. 216.)

In short, the ALJ's findings are supported by substantial evidence in the record. Nothing in the record supports plaintiff's allegations of disabling depression, fatigue, tiredness, medication complications or diabetes complications.  The ALJ's findings are supported by six medical sources, including plaintiff's treating physicians.  The only contrary opinion was that of Dr. Finkel, which the ALJ properly rejected.

///
///
///
///
///
///

IV.     Conclusion

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied,
2. The Commissioner's cross motion for summary judgment is granted and;
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: February 6, 2007.

                                                            **CRAIG M. KELLISON**
                                                            UNITED STATES MAGISTRATE JUDGE